ALEXANDER S. RUSNAK, Bar No. 300054
JENNIFER L. RUSNAK, Bar No. 247054
RUSNAK LAW OFFICE
1001 Molalla Ave. Suite 221
Oregon City, OR 97045
Telephone: (408) 780-9835
Facsimile: (408) 351-0114
Arusnak@rusnaklawoffice.com
Jrusnak@rusnaklawoffice.com

Attorneys for Plaintiffs MELANIE L. BALAJADIA,
BRIAN M. BADIOLA, MAY C. CABACUNGAN,
and VICTOR TURINGAN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE L. BALAJADIA, BRIAN M. BADIOLA, MAY C. CABACUNGAN and VICTOR TURINGAN<br><br>Plaintiffs,<br><br>v.<br><br>HELPING HANDS RESIDENTIAL CARE HOME, INC.; JTCN, INC. dba HELPING HANDS FOR CHILDREN; ROWENA CALING NGUYEN; and THANH NGUYEN<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br><u>Federal FLSA Claim:</u><br>  1. Failure to Pay Overtime and For All Hours Worked (29 U.S.C. §§ 207, 216(B), and 255(A));<br><br><u>California Supplemental State Claims:</u><br>  2. Failure to Pay Overtime Wages and For All Hours Worked (Cal. Labor Code §§ 510, 1194, 1194.1 1197, 1771, 1776);<br>  3. Violation of Statutory Duty for Breach of Labor Code §226.7 (No Meal Periods);<br>  4. Violation of Statutory Duty for Breach of Labor Code §226.7 (No Rest Breaks);<br>  5. Failure to Provide Complaint Wage Statements (Cal. Labor Code § 226);<br>  6. Waiting Time Penalties (Cal. Labor Code § 203);<br>  7. Failure to Reimbruse Expenses (Cal. Labor Code § 2802);<br>  8. Wrongful Termination; and<br>  9. Restitution for Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*). |

1

**NATURE OF THE CASE**

1. This is an action by Plaintiffs MELANIE L. BALAJADIA, BRIAN M. BADIOLA, MAY C. CABACUNGAN, and VICTOR TURINGAN ("PLAINTIFFS") against Defendants HELPING HANDS RESIDENTIAL CARE HOME, INC.; JTCN, INC. dba HELPING HANDS FOR CHILDREN; ROWENA CALING NGUYEN; and THANH NGUYEN (collectively "DEFENDANTS") who own and operate a business which provides caregiving services for the elderly and minors with special needs. PLAINTIFFS seeks compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), waiting time penalties under California Labor Code § 203, premium wages for the denied meal and rest breaks and attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code § 226, 1194(a), 2802, and 29 U.S.C. § 216(b), compensatory and punitive damages for wrongful termination and retaliation, and equitable relief under the Unfair Competition Act, Cal. Bus. & Prof. Code §§ 17200 *et seq.,* for Defendants unfair, unlawful and fraudulent business practices described herein.

2. Defendant's policies and practices violate 29 U.S.C. § 216(b); California Industrial Welfare Commission ("I.W.C.") Wage Orders; California Code of Regulations, Title 8, Chapter 5, § 11150; California Labor Code §§ 200, 201, 202, 203, 204, 210, 226.7, 510, 512, 1194, and 1194.2; and California Business and Professions Code §§ 17200 *et seq.* (the "Unfair Business Practices Act"). These laws require, *inter alia,* that employees be paid at least minimum wage for all hours worked, be paid for overtime hours at the correct overtime rate, and that all hours worked by accurately reflected on a written, itemized statement.

3. PLAINTIFFS' claims can be summarized as follows:

   a. <u>Failure to Pay Overtime Hours Worked at the Overtime Rate of Pay:</u> At all relevant times, PLAINTIFFS were paid by the hour. However, PLAINTIFFS would only

2

receive a fraction of their wages by check with deductions, at their regular hourly rate of pay, without overtime after 40-hours in a week or 8-hours in a day.  Claims for overtime and liquidated damages are made as against all DEFENDANTS.

    b.  <u>Failure to Provide Meal and Rest Breaks</u>:  DEFENDANTS routinely failed and refused to reasonably provide PLAINTIFFS with a first or second duty-free meal and all rest periods during their work shifts, and failed and refused to compensate PLAINTIFFS when they performed work during said meal and rest periods, as required by <u>Labor Code § 226.7</u> and the other applicable laws and regulations.

    c.  <u>Failure To Timely Pay Wages for All Hours Worked</u>: PLAINTIFFS are seeking compensation for all uncompensated work, liquidated or other damages as permitted by applicable law, as well as attorneys' fees, penalties, interest, and costs for the above.

    d.  <u>Failure to Provide Complaint Wage Statements</u>: PLAINTIFFS are seeking damages for DEFENDANTS' failure to provide compliant wage statements;

    e.  <u>Failure to Reimburse Expenses Incurred</u>: PLAINTIFFS are seeking reimbursement of expenses incurred while performing their job duties;

    f.  <u>Damages for Wrongful Termination</u>: PLAINTIFFS are seeking back pay, front pay, and punitive damages for wrongful termination.

    g.  Restituion Under the Unfair Competition Acts, PLAINTIFFS are seeking equable relief for Defendants unfair, unlawful and fraudulent business practices described herein.

<b>EXHAUSTION OF ADMINISTRATIVE REMEDIES</b>

4. PLAINTIFFS, as an aggrieved employee, intends to brings a claim under California Labor Code §2698 *et seq*. on behalf of himself and other current and former employees of Defendants as non-exempt employees at any time for which the recovery under Labor Code §2698 *et seq*. is authorized.  PLAINTIFFS have sent a notice to the Labor and Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code that have been

3

violated and including fats and theories that support the violation on December 29, 2020.  A true and correct copy of the notice is attached as Exhibit A.  PLAINTIFFS sent a copy of the notice sent to the LWDA to the DEFENDANTS above.  Should the LWDA not respond to the above notice within sixty-five days or a response stating that the LWDA will not investigate, PLAINTIFFS will amend their complaint to include claims under Labor Code § 2698 *et seq.*

5. Further, PLAINTIFFS have submitted the $75.00 payment to the LWDA for filing the above PAGA notice.

## SUBJECT MATTER JURISDICTION AND VENUE

6. This Court is a proper venue since events giving rise to this lawsuit have occurred in this district.  Specifically, PLAINTIFFS primarily worked for DEFENDANTS' clients in Santa Clara County.

7. This Court has subject matter jurisdiction of this action based upon the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the supplemental jurisdiction of this Court. DEFENDANTS' gross revenue meets the jurisdictional minimum of the Fair Labor Standards Act, and their business involves products that move through interstate commerce.

## PARTIES TO THE ACTION

8. Plaintiff MELANIE L. BALAJADIA is, and at all relevant times herein are individuals over the age of eighteen and resident of California and employed by DEFENDANTS within the statute of limitations in this action.

9. Plaintiff BRIAN M. BADIOLA is, and at all relevant times herein, an individual over the age of eighteen and resident of California and employed by DEFENDANTS within the statute of limitations in this action.

10. Plaintiff MAY C. CABACUNGAN is, and at all relevant times herein, an individual over the

age of eighteen and resident of California and employed by DEFENDANTS within the statute of limitations in this action.

11. Plaintiff VICTOR TURINGAN is, and at all relevant times herein, an individual over the age of eighteen and resident of California and employed by DEFENDANTS within the statute of limitations in this action.

12. PLAINTIFFS is informed and believe and thereon allege that at all times mentioned herein, Defendants HELPING HANDS RESIDENTIAL CARE HOME, INC.; JTCN, INC. dba HELPING HANDS FOR CHILDREN; ROWENA CALING NGUYEN; and THANH NGUYEN (collectively "DEFENDANTS") are engaged in the business of operating care homes for elderly and minors with special needs.

13. PLAINTIFFS are informed and believe and thereon allege that Defendant HELPING HANDS RESIDENTIAL CARE HOME, INC. is a California corporation and authorized to conduct business in the State of California.

14. PLAINTIFFS are informed and believe and thereon allege that Defendant JTCN, INC. dba HELPING HANDS FOR CHILDREN is a California corporation and authorized to conduct business in the State of California.

15. PLAINTIFFS are informed and believe and thereon allege that Defendant ROWENA CALING NGUYEN  was, at all times mentioned herein, an owner, director, officer, or managing agent as defined in subdivision (b) of Section 3294 of the Civil Code of HELPING HANDS RESIDENTIAL CARE HOME, INC. and JTCN, INC. dba HELPING HANDS FOR CHILDREN is thus liable for PLAINTIFFS' damages pursuant to Labor Code § 558.1. Further, PLAINTIFFS are informed and believe and allege on such information and belief that ROWENA CALING NGUYEN resides in Santa Clara County.

16. PLAINTIFFS are informed and believe and thereon allege that Defendant THANH NGUYEN was, at all times mentioned herein, an owner, director, officer, or managing agent as defined in subdivision (b) of Section 3294 of the Civil Code of HELPING HANDS RESIDENTIAL CARE HOME, INC. and JTCN, INC. dba HELPING HANDS FOR

CHILDREN is thus liable for PLAINTIFFS' damages pursuant to Labor Code § 558.1. Further, PLAINTIFFS are informed and believe and allege on such information and belief that THANH NGUYEN resides in Santa Clara County.

17. PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS employed PLAINTIFFS as employees in a non-exempt capacity.

## GENERAL ALLEGATIONS

18. DEFENDANTS employed PLAINTIFFS during all relevant times within the statute of limitations for this action.  PLAINTIFFS worked as a caregiver for the elderly and minors with special needs.

19. PLAINTIFFS was paid by the hour but were never properly paid overtime wages even though PLAINTIFFS worked hours subject to overtime premium compensation.

20. DEFENDANTS did not pay PLAINTIFFS for all hours worked, such as when PLAINTIFFS traveled between DEFENDANTS facilities during their scheduled shifts.

21. During PLAINTIFFS' employment with DEFENDANTS, PLAINTIFFS worked overtime hours, more than 40, during at least one pay period during the statute of limitations without DEFENDANTS paying their proper overtime wages.

22. DEFENDANTS owned and operated multiple care facilities during the relevant time period, which shared managers, officers, and employees.

23. PLAINTIFFS would work a full shift at one of the DEFENDANTS' care facilities and then be sent to work at another care facility owned and operated by DEFENDANTS.

24. DEFENDANTS did not pay PLAINTIFFS for time spent traveling from one facility to another.

25. DEFENDANTS did not reimburse PLAINTIFFS for expenses incurred for travel from one facility to another, such as using their own personal vehicles or costs for utilized various rideshare services such as UBER or LYFT.

26. DEFENDANTS treated work performed at each of their facilities as a "separate job" to avoid

FLSA COMPLAINT

paying overtime premiums for work performed in excess of eight hours in a workday or forty hours in a workweek.

27. DEFENDANTS paid PLAINTIFFS for work performed at each of their facilities with separate paychecks to avoid paying overtime premiums for work performed in excess of eight hours in a workday or forty hours in a workweek.

28. DEFENDANTS did not pay PLAINTIFFS for time spent traveling from one facility to another when PLAINTIFFS were assigned to work at multiple facilities owned and operated by DEFENDANTS.

29. DEFENDANTS' failure to pay at least overtime wages when due and owing was willful and intentional for purposes of liquidated damages under the FLSA and waiting time penalties under California Labor Code § 203.

30. PLAINTIFFS complained to DEFENDANTS regarding their pay, rest break, and meal period practices.  Further, PLAINTIFFS complained to DEFENDANTS regarding their exposure to Covid-19 as other workers tested positive for Covid-19 and requested that they be permitted to quarantine and be tested for Covid-19.

31. As a direct result of PLAINTIFFS complaints regarding DEFENDANTS employment and safety practices, DEFENDANTS terminated PLAINTIFFS in retaliation.

32. DEFENDANTS failed to provide PLAINTIFFS with a duty-free rest break of at least 10 minutes every four hours of work or major fraction thereof. Further, DEFENDANTS failed to provide PLAINTIFFS with a duty-free meal period when PLAINTIFFS worked 6 hours or more in a workday and on days in which she worked over 10 hours and at times 12 hours or more, she were not able to take a second meal period.

## COUNT ONE
### FEDERAL CLAIM
*Violation of the Fair Labor Standards Act*
*29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Properly Pay Overtime Wages and For All Hours Worked*
*AGAINST ALL DEFENDANTS*

33. PLAINTIFFS re-allege and incorporate the allegations of each preceding paragraph as if fully stated herein.

34. At all relevant times herein, PLAINTIFFS' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

35. DEFENDANTS operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

36. DEFENDANTS routinely required or suffered or permitted PLAINTIFFS to work more than 40 hours per week without paying all their wages for such overtime work.

37. Further, DEFENDANTS failed to pay PLAINTIFFS for all hours worked, including time spent traveling from one facility to another to perform their job duties.

38. In failing to pay PLAINTIFFS all overtime wages at one-and-one-half times their regular rate of pay, DEFENDANTS willfully violated the FLSA.

39. As a direct and proximate result of DEFENDANTS' failure to pay the PLAINTIFFS' proper wages under the FLSA, PLAINTIFFS incurred general damages in the form of unpaid regular and overtime wages in an amount to be proved at trial.

40. DEFENDANTS intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay PLAINTIFFS their proper wages. DEFENDANTS are thus liable to PLAINTIFFS for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) and 255(a).

41. PLAINTIFFS was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA.

**COUNT TWO**
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Labor Code §§ 510, 1194, 1197, 1194.2, 1771, 1776*
*Failure to Pay Overtime Wages and For All Hours Worked*
*AGAINST ALL DEFENDANTS*

8

42. PLAINTIFFS re-allege and incorporate the allegations of each preceding paragraph as if fully stated herein.

43. At all times mentioned herein, DEFENDANTS were subject to the overtime wage laws of the State of California pursuant to California Labor Code § 510, regarding work undertaken for DEFENDANTS.  Pursuant to California Labor Code § 510, DEFENDANTS had a duty to pay their employees, including PLAINTIFFS, no less than the one and one-half times their contractually agreed upon regular rate of pay for all hours worked in excess of 8 hours a day and 40 hours a week.  Under California Labor Code § 1194, PLAINTIFFS is entitled to be paid overtime wages and has standing to sue for such violations.

44. Pursuant to California Labor Code § 1194, PLAINTIFFS seek as earned but unpaid overtime wages and wages for all hours worked, payment at one-and-a-half times the regular rate for hours worked in excess of 8 hours a day or 40 hours a week.  PLAINTIFFS is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

45. As a result of DEFENDANTS' violations of statutory duties, as more fully set forth above, PLAINTIFFS earned but was not paid wages in an amount above the jurisdictional limits of this Court.

46. PLAINTIFFS is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

47. At all times mentioned herein, DEFENDANTS were subject to the minimum wage laws of the State of California pursuant to California Labor Code §§ 1194 and 1194.2.  Pursuant to California Labor § 1194, DEFENDANTS had a duty to pay their employees, including PLAINTIFFS, no less than the minimum wage for all hours worked.  Under California Labor Code § 1194, PLAINTIFFS is entitled to be paid minimum wages and has standing to sue for such violations.

48. Pursuant to California Labor Code §§ 1194 and 1194.2, PLAINTIFFS seek unpaid minimum wages and penalties for the failure to pay minimum wages.

49. Wherefore, PLAINTIFFS is entitled to recover the unpaid additional or premium wages,

1  interest thereon, reasonable attorney's fees, and costs of suit pursuant to California Labor

2  Code § 1194(a).

50. As a result of DEFENDANTS' violations of statutory duties, as more fully set forth above,

    PLAINTIFFS earned but were not paid wages in an amount above the jurisdictional limits of

    this Court.

51. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS is also entitled to

    attorney's fees under California Labor Code §§ 218.5 and 1194, in addition to interest,

    expenses, and costs of suit.

**COUNT THREE**
**SUPPLEMENTAL STATE CLAIM**
*Labor Code §§ 203, 226, 226.7, and 512*
*Failure to Provide Meal Periods or Compensation in Lieu Thereof*
*AGAINST ALL DEFENDANTS*

52. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

53. DEFENDANTS failed to comply with the requirement under California law regarding meal

    periods.  PLAINTIFFS were routinely required to work without thirty-minute, uninterrupted

    meal periods, and PLAINTIFFS were not compensated for missed meal periods.

54. Labor Code § 226.7 states:
    (a) No employer shall require any employee to work during any meal or rest period mandated
    by an applicable order of the Industrial Welfare Commission.
    (b) If an employer fails to provide an employee a meal period or rest period in accordance
    with an applicable order of the Industrial Welfare Commission, the employer shall pay the
    employee one additional hour of pay at the employee's regular rate of compensation for each
    work day that the meal or rest period is not provided.

55. DEFENDANTS violated § 226.7 by requiring PLAINTIFFS to work for periods of more

    than five hours without an off-duty meal period of at least 30 minutes.  PLAINTIFFS would

    also work late into the day without a second meal period or even a rest break.  As such,

    DEFENDANTS are liable for one hour of pay at the employee's regular rate of compensation

    for each workday that meal periods were not provided.

56. PLAINTIFFS did not voluntarily or willfully waive meal periods.  Any express or implied

    waivers obtained from PLAINTIFFS were not willfully obtained or voluntarily agreed to.

Rather, they were a condition of employment or part of an unlawful contract of adhesion.

57. DEFENDANTS also injured PLAINTIFFS by failing to keep adequate time records as required by Labor Code §§ 226 and 1174(d). Their failure makes it difficult to calculate the unpaid meal period compensation due to PLAINTIFFS.

58. As a result of the unlawful acts of DEFENDANTS, PLAINTIFFS have been deprived of wages in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs under Labor Code §§ 203, 226, 226.7, 512, 1194, and applicable Wage Orders.

59. PLAINTIFFS have incurred, and will continue to incur, attorneys' fees in the prosecution of their action and therefore demand such reasonable attorneys' fees and costs as set by the Court.

## COUNT FOUR
## SUPPLEMENTAL STATE CLAIM
*Failure to Provide Rest Periods or Compensation in Lieu Thereof*
*(Labor Code §§ 203, 226, 226.7, 1194 and Wage Orders)*
*AGAINST ALL DEFENDANTS*

60. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

61. California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
(b) If an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

62. The applicable Wage Order states with regards to rest periods:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.
(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

63. DEFENDANTS violated California Labor Code §226.7 and the wage orders by failing to schedule rest periods in the afternoons or authorize or permit workers to take rest breaks in the afternoons and by failing to provide one hour of additional wages at the employees' regular rate of compensation for each work day that the rest periods were not provided.

64. PLAINTIFFS did not voluntarily or willfully waive rest periods.   Any express or implied waivers obtained from PLAINTIFFS were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were part of an unlawful contract of adhesion. DEFENDANTS did not provide, permit or authorize PLAINTIFFS to take rest periods in accordance with law or, if said rest period was not provided, did not pay for such time.

65. As a result of the unlawful acts of DEFENDANTS, PLAINTIFFS has been deprived of wages, which is an amount resulting directly from the acts complained of.

66. WHEREFORE, PLAINTIFFS is entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code §1194(a).

**COUNT FIVE**
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Labor Code § 203*
*Waiting Time Penalties*
*AGAINST ALL DEFENDANTS*

67. PLAINTIFFS re-allege and incorporate the allegations of each preceding paragraph as if fully stated herein.

68. California Labor Code § 201(a) requires an employer who discharges an employee to pay the employee immediately upon discharge.

69. California Labor Code § 202(a) requires an employer to pay compensation due and owing to an employee who has quit or resigned within seventy-two (72) hours of that time at which the employee provided notice of their intention to quit or resign.

70. California Labor Code § 203 provides that if an employer wilfully fails to pay compensation promptly upon discharge or resignation, as required under California Labor Code §§ 201 and

12

202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) days.

71. PLAINTIFFS is entitled to unpaid compensation for all hours worked at the legally mandated rates, but for which he has not yet been paid, including overtime wages.

72. PLAINTIFFS have left the employ of DEFENDANTS but has not yet been fully compensated for the hours that he worked.

73. DEFENDANTS have willfully failed and refused to make timely payment of wages to PLAINTIFFS.

74. As a direct and proximate result of DEFENDANTS alleged conduct, DEFENDANTS are liable to PLAINTIFFS for up to thirty (30) days of waiting time penalties pursuant to California Labor Code § 203.

<u>**COUNT SIX**</u>
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Labor Code § 2802*
*Failure to Reimburse Expenses Incurred*
*AGAINST ALL DEFENDANTS*

75. PLAINTIFFS re-allege and incorporate the allegations of each preceding paragraph as if fully stated herein.

76. PLAINTIFFS incurred expenses traveling between DEFENDANTS worksites in the form of mileage on their personal vehicles or fees for paying various rideshare services such as Uber or Lyft.

77. DEFENDANTS were aware that PLAINTIFFS were traveling between worksites using vehicles that were not owned or operated by DEFENDANTS.

78. DEFENDANTS failed to reimburse PLAINTIFFS for the expenses incurred that were necessary for them to perform their essential job duties.

79. PLAINTIFFS seek to recover expenses incurred and reasonable attorneys fees and costs pursuant to Cal. Labor Code § 2802.

**COUNT SEVEN**
**SUPPLEMENTAL STATE CLAIM**
*WRONGFUL TERMINATION*
*AGAINST ALL DEFENDANTS*

80. PLAINTIFFS re-allege and incorporate the allegations of each preceding paragraph as if fully stated herein.

81. PLAINTIFFS complained to DEFENDANTS regarding their working conditions.

82. PLAINTIFFS complained to DEFENDANTS about the lack of rest breaks and meal periods provided by DEFENDANTS, as they were not allowed to leave their stations for rest breaks or meal periods. PLAINTIFFS were required to eat when they could while watching DEFENDANTS' patients. At times, PLAINTIFFS were unable to even eat while on duty, as some of the DEFENDANTS' patients had behavioral issues and would spit at or into PLAINTIFFS' food since meals had to be eaten on duty in the presence of DEFENDANTS' patients.

83. PLAINTIFFS complained about the lack of overtime compensation and DEFENDANTS' practice of treating work performed at facility as a "different job" to avoid paying overtime premiums, when in fact, PLAINTIFFS were working for the same employers and doing substantially the same work.

84. Further, PLAINTIFFS requested time to quarantine and be tested for Covid-19, as other workers began to test positive for Covid-19.  PLAINTIFFS also observed DEFENDANTS' patients and employees going on outings with any form of masks or personal protection equipment, even after workers were testing positive for Covid-19.

85. After PLAINTIFFS made the above complaints, DEFENDANTS terminated PLAINTIFFS.

86. PLAINTIFFS complaints were regarding DEFENDANTS employment practices and serious health and safety issues observed at DEFENDANTS' facilities.

87. Cal. Labor Code § 6310 provides:

> (a) No person shall discharge or in any manner discriminate against any employee because the employee has done any of the following:

(1) Made any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, their employer, or their representative.

88. Cal. Labor Code § 6311(c) provides:

An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

89. Cal. Labor Code § 98.6 provides:

(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or she is owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.

90. DEFENDANTS knew PLAINTIFFS statements were working conditions were protected, but terminated PLAINTIFFS with a willful disregard to PLAINTIFFS' rights.  PLAINTIFFS are informed and believe and allege on such information and belief that DEFENDANTS terminated PLAINTIFFS to prevent PLAINTIFFS from discussing their concerns regarding wages, rest breaks, meal periods as well as health and safety concerns regarding Covid-19 with other workers and to protect themselves from recourse from their unlawful activity and to continue their unlawful activity for their own personal gain. Further, PLAINTIFFS are informed and believe and allege on such information and belief that DEFENDANTS terminated PLAINTIFFS in retaliation for raising and discussing DEFENDANTS' unlawful and unsafe conduct with DEFENDANTS and other employees and knew that terminating PLAINTIFFS would cause them great hardship, emotional distress and mental anguish.

91. Further, DEFENDANTS intentionally misrepresented in their terminating paperwork that PLAINTIFFS abandoned their jobs and were excessively absent after PLAINTIFFS raised issues regarding DEFENDANTS employment and safety practices intending to deprive PLAINTIFFS of their right to raise such issues and to injure PLAINTIFFS by causing them great hardship, emotional distress, and mental anguish.

92. The individual defendants ROWENA CALING NGUYEN and THANH NGUYEN, who acted with conscious disregard to PLAINTIFFS rights and ratified the corporate defendants' conduct, are the sole owners, directors, officers, and managing agents of the corporate defendants and did so in those capacities.

**COUNT EIGHT**
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Business & Professions Code §§ 17200 et seq.*
*Restitution for Unfair Business Practices*
*AGAINST ALL DEFENDANTS*

93. PLAINTIFFS re-allege and incorporate the allegations of each preceding paragraph as if fully stated herein.

94. At all times relevant herein, PLAINTIFFS' employment with DEFENDANTS were subject to the FLSA, California Labor Code, and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid at an overtime rate for work performed in excess of 40 hours per week or 8 hours per day.  Said laws also required payment for all hours worked.  It also required that meal and rest breaks be furnished or provided.

95. At all times relevant herein, DEFENDANTS were subject to the California Unfair Trade Practice Act, Bus. & Prof. Code §§ 17200 *et seq.*  DEFENDANTS failed to pay PLAINTIFFS the applicable overtime rate for her overtime hours, as required by California law.  PLAINTIFFS and other members of the general public employed by DEFENDANTS were entitled to those wages, which DEFENDANTS kept to themselves.  It also calls for rest breaks to be scheduled, which changes a business' staffing levels and gave DEFENDANTS an economic advantage over law-abiding businesses.

96. In doing so, DEFENDANTS engaged in unfair competition by committing acts prohibited by the FLSA, California Labor Code, and applicable I.W.C. Wage Orders.  Such acts gave DEFENDANTS a competitive advantage over other employers who were in compliance with the law.

97. As a direct and proximate result of DEFENDANTS' violations and failure to pay the required wages and overtime pay, PLAINTIFFS' rights under the law were violated and suffered general damages in the form of unpaid wages in an amount to be proved at trial.

98. DEFENDANTS have been aware of the existence and requirements of the Unfair Trade Practice Act and the requirements of the FLSA, California Labor Code, and applicable I.W.C. Wage Orders, but knowingly, willfully, and intentionally failed to pay PLAINTIFFS and other members of the general public employed by them overtime pay.

99. PLAINTIFFS and other members of the general public employed by DEFENDANTS can and will comply with the requirements and standards to the extent required by law to prosecute their violation as a representative action under the Unfair Trade Practice Act.

100. PLAINTIFFS and other members of the general public employed by DEFENDANTS have been illegally deprived of their overtime pay and herein seek restitution of those wages pursuant to California Business and Professions Code § 17203.


**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFFS prays for relief as follows:

101. For an order awarding PLAINTIFFS compensatory damages for all wages earned but not paid, and all overtime wages earned and not paid,

102. For liquidated damages per the FLSA equal to unpaid minimum wages and overtime wages;

103. For liquidated damages per the FLSA equal to unpaid minimum wages and overtime wages under the First Count;

104. For liquidated damage under Cal. Labor Code § 1194.2 for unpaid minimum wages.

105. For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under California Labor Code §§ 201-204, 210, 211, 226.3 and 226.7(b), together with interest on these amounts;

106. For earned but unpaid wages as equitable relief, for unpaid overtime and denied meal and rest breaks, under the Unfair Competition Act over a 4-year statute of limitations;

107. For premium wages for meal and rest break violations;

108. Reimbursement of expenses incurred under Cal. Labor Code § 2802;

109. For the pre-judgment interest of 10% on the unpaid wages and overtime compensation under California Labor Code §§ 1194(a);

110. For "waiting time" penalties under California Labor Code § 203;

111. Back pay, front pay, and punitive damages for wrongful termination;

112. An order enjoining defendants from continuing their unlawful conduct;

113. For an award of reasonable attorneys' fees, as provided by 29 U.S.C. § 216(b) of the FLSA and California Labor Code §§ 2802, 218.5, 226(e), and 1194, or other applicable law;

114. For costs of suit herein;

115. For such other and further relief as the Court may deem appropriate.


Dated: January 26, 2021                                    RUSNAK LAW OFFICE


                                                           _____
                                                           Alexander S. Rusnak
                                                           Jennifer L. Rusnak
                                                           Attorneys for Plaintiff

EXHIBIT A

# RUSNAK LAW OFFICE

1001 Molalla Avenue, Suite 221
Oregon City, Oregon 97045
Phone: (408) 780-9835
Fax: (408) 351-0114

Alexander S. Rusnak
ARUSNAK@RUSNAKLAWOFFICE.COM

Jennifer L. Rusnak
JRUSNAK@RUSNAKLAWOFFICE.COM

December 29, 2020

**<u>Via Electronic Submission and Certified Mail, Return Receipt</u>**

California Labor and Workforce Development
Agency
Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612
(Electronic Submission)

Helping Hands Residential Care Home, Inc.
JTCN, Inc. dba Helping Hands for Children
Attn: Rowena Caling Nguyen or Thanh Nguyen
3072 Centerwood Way
San Jose, CA 95148

**<u>RE: MELANIE BALAJADI ET AL. V. HELPING HANDS RESIDENTIAL CARE HOME, INC.  ET
AL. LAB. CODE § 2699.3 CLAIM NOTICE.</u>**

Dear Sir or Madam:

Please be advised that Melanie L. Balajadia, Brian M. Badiola, May C. Cabacungan, and Victor
Turingan (collectively "Aggrieved Plaintiffs") have retained the RUSNAK LAW OFFICE to represent them and
other aggrieved employees for wage and hour claims against their former employers, Helping Hands
Residential Care Home, Inc.; JTCN, Inc. dba Helping Hands Home for Children; Rowena Caling Nguyen dba
Helping Hands Residential Care Home for Adults and Thanh Nguyen dba  Helping Hands Residential Care
Home for Adults (hereinafter referred to collectively as "Helping Hands").  Helping Hands are California
Corporations located in California that employ caregivers in their assisted living facilities.  Helping Hands has
failed to pay them a minimum wage for all hours worked, overtime as required by law and failed to provide
complaint rest breaks and meal periods.

Helping Hands has violated, or has caused to be violated, several Labor Code provisions, and is
therefore liable for civil penalties under California Labor Code § 2698 *et seq*.  We request that your agency

investigate the claims alleged against it below. This letter will serve as notice of these allegations pursuant to the Private Attorney Generals Act of 2004 ("PAGA"). Cal. Lab. Code § 2699.3.

## Unlawful Failure to Pay Overtime

Helping Hands has failed to maintain a policy that compensates Helping Hands' caregivers for all hours worked, including overtime. Specifically, Helping Hands only pays Helping Hands' caregivers a regular rate of pay for all hours worked, without overtime premiums. Further, Helping Hands employs caregivers who work at multiple Helping Hands locations. Helping Hands maintains the unlawful practice of treating hours worked at each location as separate "employment" to avoid paying overtime premiums for hours worked over 8 in a workday and forty in a workweek. Caregivers routinely work over eight hours in a workday or forty hours in a workweek and are not paid one and one-half, or twice their regular rate when applicable, their regular rate of pay for overtime.

As a result of violations of California Labor Code §§ 510, 1194, and Industrial Welfare Commission Wage Orders 5-2001 for failure to pay overtime, Helping Hands is liable for civil penalties according to California Labor Code §§ 558 and 2698 *et seq*.

## Unlawful Failure to Provide Unpaid Balance of Full Amount of Overtime Compensation

As described above, Helping Hands has required Helping Hands' caregivers to work hours in excess of eight hours in a day and forty in a week but has not paid these employees overtime compensation. As a result, Helping Hands' caregivers have been denied "the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon" as required by California Labor Code § 1194, and Helping Hands is liable for civil penalties according to California Labor Code § 2698 *et seq*.

## Unlawful Failure to Pay Minimum Wage

Helping Hands has failed to maintain a policy that compensates Helping Hands' caregivers an amount equal to or greater than the minimum wage for all hours worked, as required by California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission Wage Orders 5-2001. Helping Hands employed caregivers who worked at multiple locations, frequently leaving one facility to work at

another facility immediately. Helping Hands failed to compensate Aggrieved Plaintiffs and other aggrieved workers for such compensable travel time.

As a result of Helping Hands' violations of California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission Wage Order 5-2001 and Labor Code § 1454 for failure to pay minimum wage, Helping Hands is liable for civil penalties pursuant to California Labor Code §§ 558, 1197.1, and 2698 *et seq.*

### Unlawful Failure to Provide Uninterrupted Off-Duty Meal Periods

Helping Hands has failed to maintain a policy that provides Helping Hands' caregivers with off-duty meal periods as required by California law. Helping Hands maintained a policy requiring Aggrieved Plaintiffs and other aggrieved workers to always supervise Helping Hands' clients, requiring Aggrieved Plaintiffs and other aggrieved employees to eat while on duty. Aggrieved Plaintiffs and aggrieved employees regularly worked more than five (5) hours a day without being provided at least half-hour meal periods in which they were relieved of all duties, as required by Labor Code §§ 226.7, 512, and Wage Order 5-2001.  Helping Hands failed to pay their caregivers the premium compensation mandated by Labor Code § 226.7(b) for these missed meal periods.  As a result of violations of California Labor Code §§ 226.7 and 512 and Wage Orders 5-2001, Helping Hands is liable for civil penalties pursuant to California Labor Code §§ 558 and 2698 *et seq.*

### Unlawful Failure to Provide Uninterrupted Off-Duty Rest Periods

Helping Hands has failed to maintain a policy that provides Helping Hands Car washers with off-duty rest periods as required by California law.  Aggrieved Plaintiffs and similarly situated caregivers employed by Helping Hands regularly worked in excess of four hours or major fraction thereof during workdays without being provided at least a ten-minute rest period in which they were relieved of all duties, as required by Labor Code §§ 226.7,512 and Wage Order 5-2001.  Helping Hands failed to pay their caregivers the premium compensation mandated by Labor Code § 226.7(b) for these missed rest periods.  As a result of violations of California Labor Code §§ 226.7, 512 and Wage Order 5-2001, Helping Hands is liable for civil penalties pursuant to California Labor Code §§ 558 and 2698 *et seq.*

## Unlawful Failure to Furnish Wage Statements

Helping Hands has violated California Labor Code § 226(a) by willfully failing to furnish Helping Hands' caregivers with accurate, itemized wage statements showing the actual hours worked and wages earned.  When Helping Hands compensated Aggrieved Plaintiffs and other aggrieved employees, it did not accurately show the hours worked and wages earned by Helping Hands' caregivers. As a result of violations of California Labor Code § 226(a), Helping Hands is liable for civil penalties pursuant to California Labor Code Labor Code §§ 226.3 and 2698 *et seq.*

## Unlawful Failure to Keep Accurate Payroll Records of Daily Hours Worked

Helping Hands has failed to keep accurate payroll records showing total hours worked and wages paid to employees.  Under California Labor Code § 1174(d), employers must keep "payroll records showing the hours worked daily by and the wages paid to ... employees [...]." Because Helping Hands did not keep accurate time records reflecting hours worked for Helping Hands' caregivers, it is liable for civil penalties according to California Labor Code § 2698 *et seq*.  To the extent of Helping Hands' failure to keep accurate payroll records was willful, it is liable for civil penalties under California Labor Code § 1174.5.

## Unlawful Violation of California Labor Code § 1199

Under California Labor Code §§ 1199(a) and (c) and 2699.5 *et seq*., an employer who "requires or causes any employee to work for longer hours than those fixed" or "violates or refuses or neglects to comply with any provision of the Labor Code regarding employees' wages, hours, and working conditions, is subject to PAGA penalties.  As described above, Helping Hands has required Helping Hands' caregivers to work hours in excess of eight (8) hours in a day and forty (40) hours in a week (thereby violating § 1199(a)) and has violated numerous provisions of the Labor Code pertaining to employee wages and hours (thereby violating §1199(b)).  Accordingly, Helping Hands is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

## Unlawful Failure to Pay All Wages Twice Each Calendar Month

Upon information and belief, Helping Hands failed to properly compensate Helping Hands' caregivers for all hours worked, including those in excess of eight (8) in a day and forty (40) in a week, as well as for missed meal periods.  Accordingly, Helping Hands violated California Labor Code § 204(a), which requires that employers pay "all wages [...] twice during each calendar month on days designated in advance by the employer

as the regular paydays" (emphasis added).  As a result, Helping Hands is liable for civil penalties pursuant to California Labor Code § 2698 et seq.

### Failure to Enforce Maximum Hours of Work

Additionally, Helping Hands failed to enforce the maximum hours of work fixed by the Industrial Welfare Commission with respect to Helping Hands' caregivers as required by California Labor Code § 1198, Helping Hands is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

### Causing Employees to Work More Than Six Days in Seven

Helping Hands caused their employees to work more than six days in seven in violation of Labor Code §552. Helping Hands is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

### Unlawful Failure to Pay Wages due Upon Termination

Helping Hands violated California Labor Code §§ 201 and 202 by willfully failing to pay all compensation due and owing to all former Helping Hands caregivers at the time employment was terminated. Helping Hands willfully failed to pay Helping Hands' caregivers who are no longer employed by it all compensation due upon termination of employment as required under California Labor Code §§ 201 and 202. Pursuant to §§ 203 and 256 of the Labor Code, Aggrieved Plaintiffs and similarly situated individuals are now also entitled to recover up to thirty (30) days of wages due to Defendant's "willful" failure to comply with the statutory requirements of sections 201 and 202 of the Labor Code.  Additionally, because Helping Hands violated California Labor Code §§ 201,201 and 203 of the Labor Code, Helping Hands is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

### Violation of Labor Code §2810.5

Helping Hands, in violation of Labor Code § 2810.5, failed to provide their caregivers at the time of hiring, a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information:

(A) The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable.

(B) Allowances, if any, claimed as part of the minimum wage, including meal or lodging allowances.

(C) The regular payday designated by the employer in accordance with the requirements of this code.

(D) The name of the employer, including any "doing business as" names used by the employer.

(E) The physical address of the employer's main office or principal place of business, and a mailing address, if different.

(F) The telephone number of the employer.

(G) The name, address, and telephone number of the employer's workers' compensation insurance carrier.

(H) That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave, and has the right to file a complaint against an employer who retaliates.

(I) Any other information the Labor Commissioner deems material and necessary.

Helping Hands is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

## **Violation of Labor Code §98.6**

Helping Hands, in violation of California Labor Code §§ 232, 232.5 and 98.6, has discriminated, retaliated, or taken adverse action against Aggrieved Plaintiffs for complaining about Helping Hands working conditions, such as lack of rest breaks and meal periods and failing to pay overtime wages. Subsequent to Aggrieved Plaintiffs bringing concerns to Helping Hands about their rest break, meal period, and overtime policies, Helping Hands terminated Aggrieved Plaintiffs. Further, when Helping Hands employees tested positive for COVID-19, Aggrieved employees expressed their concern regarding workplace safety. Aggrieved Employees asked that they be tested to minimize the spread of COVID-19 and not report to work until the test results were reported. Helping Hands terminated Aggrieved Plaintiffs.

In addition to other remedies sought, Aggrieved Plaintiffs seek a civil penalty not exceeding ten thousand dollars ($10,000.00) per employer for each violation of this section. Helping Hands is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

## **Conclusion**

Helping Hands has violated or has caused to be violated a number of California wage and hour laws. Aggrieved Plaintiffs requests the agency investigate the above allegations and provide notice of the allegations pursuant to PAGA's provisions. Alternatively, Aggrieved Plaintiffs requests the agency

inform her if it does not intend to investigate these violations so that she may amend her lawsuit to include the violations discussed in this letter.

Yours truly,

Alexander S. Rusnak
Attorney for that Melanie L. Balajadia,
Brian M. Badiola, May C. Cabacungan,
and Victor Turingan